Day, J.
It is claimed that the court below erred in holding that the plaintiffs’ action is barred by the statute of limitations. It is conceded, however, that the holding is right, unless the payment made upon the claim of the plaintiffs, by the assignee of the defendants, within six years before the commencement of the suit, takes it out of the statute under the provisions of the 24th section of the code, which is as follows:
“In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made, an action may be brought on such case within the period prescribed for the same, after such payment, acknowledgment, or promise, but such acknowledgment or promise must be in writing, signed by the party to be charged thereby.”
The question,’then, presented for determination is, whether the payment of a dividend by the assignee of a debtor is such part payment of a debt as will take the residue out of the statute of limitations against such debtor.
The solution of this question depends upon the construction to be given to the foregoing section of th’e statute. By comparing this section with the one for which it is substituted in the limitation act of 1831, and the judicial constructions given to the act of 21 James, it is apparent that the legislature did not intend to enlarge the facilities for taking *cases out of the statutory bar. Before this can now be effected by the acknowledgment of an existing debt, or a promise -to pay the same, it “ must be in writing, signed by the party to be charged thereby.” No change is made in the effect of a part payment of a deht. It will be seen, however, that the same effect is given to such part payment as is given to a written promise “ signed by the party to be charged thereby.” It would seem, therefore, from analogy, that the payment must be made by the party to 'be affected thereby, or by an agent authorized for that express purpose. In the contemplation of the statute, the part payment of a debt is regarded as evidence *519 of a willingness and obligation to pay the residue, as conclusive as would be a personal written promise to that effect. It could not, then, have been intended to give this effect to payments other than those made by the party himself, or under his immediate direction. Surely nothing short of this would warrant the assumption of a willingness to pay equal to his written promise to that effect.
Aside from the restrictions made by the code, this construction is consistent with that given to former acts upon this subject. Angel on Dim., sec. 240.
It is said by Chief Justice Shaw in the case of Stoddard v. Doane, 7 Gray, 387: “ The ground of this exception and of the ancient rule of law, is that the voluntary payment of part of a debt by the debtor is a strong, if not conclusive admission that the debt is still due, and from this the law infers a new promise to pay it. To have this effect, it is manifest that' the payment must be made by the debtor, or by his order, or by an agent fully authorized for that purpose. It is the act of his mind from which the implied promise to pay the residue of the debt arises. We are of opinion that a payment by an assignee in insolvency is not a payment by the insolvent or his order within the meaning of the rule. The assignee is bound by law to pay the dividehd which has been declared ; he is the debtor to that amount. The original debtor can not prevent or delay such payment, if he would. It is not a personal or voluntary act of the insolvent.”
This decision, it is true, was made in relation to an assignee *under the insolvent laws of Massachusetts; but the reasons [571 given for it are applicable to this case. After the assignee of the defendants accepted the trust, he was bound bylaw both to declare dividends and to pay them. “ The original debtor could not prevent or delay such payment, if he would.” This was a personal obligation resting on the assignee, and he was as much under the control of the creditor as of the debtor. The assignment was general in its terms, without appropriating the property assigned to the payment of this or any particular claim. The allowance of the plaintiff’s claim and payment thereon were acts of the assignee : neither was a “ personal or voluntary act of the insolvent.” If the assignment could be regarded, in any sense, as a recognition of the plaintiff’s claim and willingness to pay it, “ it must be confined to the point of time when the assignment was made ” *520 Picket v. King, 34 Barb. 193. This, however, was more than six years before the action was brought.
It is claimed that the assignee was the agent of the defendants, and that they are, therefore, bound by his acts. This position is not tenable upon either reason or authority. Did an assignee occupy that position, it would be within the power of the assignor to exercise a control over his acts, and to remove him at his pleasure. On the contrary, the debtor has no control over him; he can neither compel him to admit or reject a claim presented for allowance ; nor can he enforce dividends and payments otherwise than may be done by any one having an interest in the fund. The assignee, when he accepted the trust, became in law (as he is called in the instrument of assignment) a trustee for both debtor and creditor, rather than the agent of either; and the law imposed upon him the duty of carrying out the trust in the proper appropriation of the assets of the assignors to the payment of their existing debts. The assignment conferred no power upon the assignee, either to create new debts against the assignors, or to extend their legal obligations to their creditors.
This view of the case is in.accordance with the more modern authorities in this country and in England.
It is said, by Chancellor Rent, in the case of Roosevelt v. *Mark (6 John. Ch. 266) : “It is going unreasonably far to construe payments by assignees or trustees who are not parties to the contract, or under any personal obligation to pay or contribute, as meaning more than they plainly import, or as carrying with them sufficient evidence of a renewed personal promise of the original debtor to pay. Such special trusts were not created for any such purpose, and it is perverting the intention of the parties, and it is plainly repugnant to. the reason and equity of .the trust, to make the ordinary execution of the trust the ground of a constructive new assumption of the debt by the debtor. The language of the transaction would seem to be. directly otherwise.
The case of Picket v. King, before cited, was similar to this in its facts, and is directly in point. In the opinion it is said: “ Upon making such assignment the defendant parted with all control of the property assigned, and appointed his assignees his trustees, to apply the proceeds thereof as directed in said assignment; but I can not think they became his agents in such a sense as to have authority to make a new contract or promise binding on him, or to make a *521 payment on any of Ms debts which should be equivalent to a new and express promise by him; and such must be the consequence if partial payments made by them are to have the same effect as if made by the debtor himself. The assignee is not an agent foi any such purpose. He is authorized and appointed to apply the money in his hands in a specified way, and has no other power or authority in behalf of his assignor; and he has no power to express for his assignor a subsisting or continuing willingness to pay any further sums to the creditor on account of the debt than is expressly provided for that purpose.”
It is insisted in argument that the case of The executors of Neimcewicz v. The Administrator of Dayton (13 Ohio, 271), is decisive of this case. It was held in that case that part payment of a debt by an administrator will take the residue out of the statute. There is a plain distinction between the two classes of eases. An administrator is the party himself, having full control of the debt; moreover, it is not decided in that'ease that his acts would affect other parties further *than they may be interested in the assets in his hands. From the nature of the case, his payments can not create or perpetuate personal liabilities against others, and, therefore, just where the question in this case arises the analogy ceases
The judgment of the court below is affirmed.
Scott, C. J., and White, Welch, and Brinkerhoee, JJ., concurred.